IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARGROUP HOLDINGS LLC, | : | |
| d/b/a WEBUYANYCAR.COM, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEORGE NOAH WILLIAMS, | : | No. 15-4041 |
| *Defendant*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                                       NOVEMBER 13, 2015

George Williams has moved to dismiss the sole federal claim in this federal question case, arguing that Plaintiff Cargroup Holdings has failed to state a claim under 49 U.S.C. § 32705 (the "Federal Odometer Act" or the "Act") because the attachments to the Complaint belie Cargroup's allegation that Mr. Williams intentionally provided false information in a disclosure required by the Act and its regulations. Cargroup opposes the motion, and the Court heard oral argument on October 6, 2015. For the following reasons, the Court will deny the motion.

**BACKGROUND**

According to the Complaint, on December 10, 2010, Mr. Williams acquired possession of a 2011 Ford F-350 truck through a lease with Manderbach Ford. On December 4, 2014, Mr. Williams sold the vehicle to Plaintiff Cargroup Holdings pursuant to a vehicle purchase agreement. That purchase agreement states in relevant part that Mr. Williams agreed to deliver an executed copy of an odometer disclosure statement, verified that the statement was correct, and agreed to indemnify Cargroup from any losses, costs, damages, liabilities and expenses arising out of any failure of Mr. Williams's representations to be correct.

1

Mr. Williams did sign and deliver an odometer disclosure statement, certifying that the odometer read 68,579 miles and was correct.  He also signed a secure power of attorney stating the same; however, this document was not notarized, even though the form states that it should be notarized.  Mr. Williams received a check for $13,955.95, and the lessor received $11,165.05 (the balance due on the termination of the vehicle lease).

Cargroup then sold the vehicle at auction to Lasco Ford.  Lasco reconditioned the truck and sold it to a retail customer.  In April 2015, while doing routine maintenance, Lasco discovered a discrepancy in the mileage for the truck – a September 28, 2012 service report showed an odometer reading of 85,416 miles, almost 20,000 more miles than Mr. Williams reported over two years later.  Lasco then repurchased the vehicle from the customer and demanded that Cargroup repurchase it from Lasco.  Cargroup did so, at a total cost of $34,173.40, which included the purchase price and expenses incurred by Lasco and Lasco's customer.  Cargroup demanded that Mr. Williams repurchase the vehicle or pay for Cargroup's losses, and Mr. Williams refused.  Cargroup then sold the vehicle at auction for $20,500.

Cargroup sets forth three claims in its Complaint.  The first is for damages under the Federal Odometer Act.  In its second count, Cargroup sets forth a fraud claim based on the same allegedly false representations, and in the third count Cargroup alleges that Mr. Williams breached the sales agreement between the parties by misrepresenting the mileage of the truck. Mr. Williams filed a motion to dismiss the first count, without which the Court would lack subject matter jurisdiction.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.*

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Also, the Court must accept as true all reasonable inferences

3

emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand that the Court ignore or disregard reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). Finally, "if a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

The Federal Odometer Act provides for civil liability when a person transferring ownership of a vehicle makes a false statement in a disclosure required by the Act with the intent to defraud the transferee. *See* 49 U.S.C. §§ 32705, 32710. Lessees are also liable if they misrepresent mileage. *See* 49 U.S.C. § 32705(c). Mr. Williams seems to argue in his motion to dismiss that the paperwork attached to the Complaint shows that *Cargroup* failed to comply with the Odometer Act and/or Pennsylvania statutes and regulations, and that this relieves him from liability. He focuses in his motion on the secure power of attorney, arguing that it was not notarized and does not identify a transferee, and that therefore Cargroup failed to comply with Pennsylvania (and perhaps federal) statutory requirements when buying the car because

4

Pennsylvania prohibits the acceptance of an "incomplete" odometer disclosure.[1] In his reply, he also attacks the signed odometer statement, arguing that it did not comply with federal regulations. Because of these allegedly flawed documents, Mr. Williams argues that the sale to Cargroup was not legal and that therefore Cargroup cannot recover from Mr. Williams. He does not mention what the elements of an Odometer Act claim are, or why Cargroup's conduct, wrongful or not, has any bearing on those elements, and he does not cite a single case in support.[2] Cargroup counters that whether or not the documents complied with all of the regulations set forth in Pennsylvania and federal law, Mr. Williams still made a fraudulent statement of mileage on which Cargroup relied to its detriment.

> At oral argument, Mr. Williams's counsel focused on the statutory language:
>
> A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the *disclosure required by such a regulation*.

49 U.S.C. §§ 32705(a)(2) (emphasis added). He clarified that Mr. Williams's argument is that the flaws in the odometer statement and power of attorney forms show that there were no forms required by the regulations submitted by Mr. Williams. Therefore, Mr. Williams contends, there can be no Federal Odometer Act claim against him. Interpreting the statute in the way Mr. Williams desires, however, leads to perverse results. If "a disclosure required by [the] regulations" means that the disclosure must in every way comply with state and federal regulations to lead to liability, then there can be no liability under the Act for anyone – the Act

---

[1] Federal law also prohibits the acceptance of incomplete written documentation. 49 U.S.C. § 32705(a)(3). It should be noted that federal law does not require a secure power of attorney for the sale of a leased vehicle. 49 U.S.C. § 32705(c). Mr. Williams also points to various federal regulations that he claims were violated by the odometer disclosure statement he signed, however.

[2] The lack of case law citations is not surprising; there do not appear to be any published opinions that touch directly on the issues raised by Mr. Williams, and there are precious few federal opinions interpreting the Federal Odometer Act generally.

requires accurate written disclosures of mileage on appropriate forms, so any falsehood in a disclosure would mean it was not a disclosure "required by [the] regulations." In advancing his argument, Mr. Williams ignores the portion of the statute which also prohibits violating a regulation prescribed under the Act. That portion of the statute certainly would cover these allegedly noncomplying disclosures to which Mr. Williams signed his name, and the responsibility for these disclosures' compliance is placed on the transferor.

Mr. Williams is correct that another portion of the statute prohibits a car dealer like Cargroup from accepting incomplete disclosures. *See* 49 U.S.C.A. § 32705(a)(3). ("A person acquiring a motor vehicle for resale may not accept a written disclosure under this section unless it is complete."). However, that portion of the statute says nothing about absolving the transferor of liability if the flawed disclosures are accepted. The Court appreciates that Mr. Williams is an individual who may not have the sophistication or knowledge of automobile title and disclosure regulations that Cargroup undoubtedly possesses, and to hold him liable for some technical violation of disclosure requirements could be unfair, but that is not what Cargroup is attempting to do. Here, Cargroup has alleged that Mr. Williams intentionally provided false mileage information in two disclosure forms when selling his vehicle to Cargroup, that Cargroup was misled by the statements about mileage in these disclosure forms, and that Cargroup suffered damages because of the misstatement. Indeed, the requirement that Cargroup ultimately prove that Mr. Williams acted with intent to deceive eliminates any concern that unsophisticated operators will unwittingly find themselves liable for Federal Odometer Act violations. Cargroup's allegations are enough, at this stage of the case, to survive dismissal. The Court does not hereby foreclose Mr. Williams's ability to attempt to raise some sort of affirmative defense

based on the notion that Cargroup could have prevented its losses or some other related theory, but now is not the time to rule on an as-yet-unstated affirmative defense.

For these reasons, the Court will deny Mr. Williams's motion to dismiss.

**CONCLUSION**

For the foregoing reasons, Mr. Williams's Motion is denied. An appropriate Order follows.

BY THE COURT:


<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge